UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CHRISTINA STOWERS, | NO. CIV. 2:09-3390 WBS EFB |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION FOR REMAND |
| WASHINGTON MUTUAL BANK, FA; CHASE BANK, N.A.; LH MORTGAGE, INC. DBA THE STRONG SOURCE, | |
| Defendants. | |

----oo0oo----

Plaintiff Christina Stowers brought this action in state court against defendants Washington Mutual Bank, FA ("Washington Mutual"), Chase Bank, N.A. ("Chase"), and LH Mortgage, Inc. d/b/a/ The Strong Source ("LH Mortgage") alleging fraud, constructive fraud, actual fraud (Cal. Civ. Code § 1572), breach of broker's duty to disclose, declaratory relief, negligence, and violations of the Real Estate Settlement

1

Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.33 ("Rosenthal Act"). Defendants Washington Mutual and Chase[1] subsequently removed the action to this court on the basis of federal question jurisdiction. (Docket No. 1.) After dismissing her RESPA claim (Docket No. 8), plaintiff now moves the court to remand the case to state court. Defendants do not oppose the remand.[2]

Federal courts have original subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When removal pursuant to 28 U.S.C. § 1441 is based on federal question jurisdiction and all federal claims drop from the proceedings, "[i]t is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) (citing Price v. PSA, Inc., 829 F.2d 871, 876 (9th Cir. 1987)).

A case "arises under" federal law when federal law either creates the cause of action or a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and

---

[1] JP Morgan Chase Bank, N.A., An Acquirer of Certain Assets and Liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation Acting As Receiver was erroneously sued as Chase Bank, N.A.

[2] Chase filed a notice of non-opposition to plaintiff's motion. (Docket No. 14.) LH Mortgage has not yet appeared in this action.

2

state judicial responsibility." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); see Franchise Tax, 463 U.S. at 27-28. When a plaintiff only pleads state causes of action, "original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claim is 'really' one of federal law." Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1383 (9th Cir. 1988) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).

Plaintiffs' Complaint no longer pleads any federal causes of action, but it does make tangential references to federal statutes. (See Compl. ¶¶ 17, 101-107.) It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Lippitt v. Raymond James Fin. Servs., 340 F.3d 1033, 1040 (9th Cir. 2003) (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 808 (1986)). A substantial federal question does not exist simply because a complaint makes a mere reference to a federal statute. Id. at 1040-41; see also Rains v. Criterion Sys. Inc., 80 F.3d 339, 344 (9th Cir. 1996) (references to Title VII are insufficient to establish federal jurisdiction in a wrongful termination action). Instead, the federal question must be "a necessary element of the well-pleaded state claim" or the plaintiff's right to relief must rely on the resolution of a substantial, disputed question of federal law. Lippitt, 340 F.3d at 1042.

While plaintiff's Rosenthal Act claim mentions the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), this cause of can be proved independently under state law and application of the FDCPA is not a substantial or "necessary element" of the claims. See In re Countrywide Fin. Corp. Mortg. Marketing & Sales Practices Litig., No. 08md1998, 2008 WL 5450351, at *4 (S.D. Cal. Dec. 30, 2008) (finding no substantial federal question where TILA and RESPA did not need to be applied to resolve plaintiff's claims); Fardella v. Downey Sav. & Loan Ass'n, No. 00-4394, 2001 WL 492442, at *3 (N.D. Cal. May 9, 2001) (finding no federal question jurisdiction because plaintiff could prove allegedly unfair broker rebate violated California law independently of RESPA or TILA).

                Because no party opposes the remand, the court will grant plaintiff's motion to remand the case back to state court.

                IT IS THEREFORE ORDERED that defendants' pending motion to dismiss be, and the same hereby is, DENIED as moot, and this action be, and the same hereby is, REMANDED to Superior Court of the State of California in and for the County of San Joaquin.

DATED: February 25, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE